■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KAUFMAN, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed May 31, 1978, upon his conviction of burglary in the third degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment of two to four years as a prior felony offender. Sentence reversed, on the law, and matter remitted to Criminal Term for further proceedings consistent herewith. On January 5, 1978 defendant pleaded guilty to the crime of burglary in the third degree in satisfaction of an indictment charging burglary in the second degree and criminal possession of stolen property in the third degree. At that time the court promised defendant that the maximum term of imprisonment that it would consider imposing would be one year. There was a question as to the effect of defendant's prior conviction in North Carolina, and the court specifically stated that "If he has a prior felony I will permit him to withdraw the plea. I will put it on the record, because it is not my intention to give him two to four." On May 31, 1978 defendant appeared for sentencing and was adjudicated a prior felony offender as the result of his North Carolina conviction for "breaking, entering and larceny". In direct contravention of its promise at the time of the plea, the court denied defendant's application to withdraw his guilty plea and sentenced him to an indeterminate term of imprisonment of two to four years. This was error. A bargain having been struck, it should have been kept and defendant should have been afforded the opportunity, which he requested, to withdraw his plea of guilty. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.